IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SEAN FOLLIS and EDWARD FRANKS, individually
and on behalf of all others similarly situated                                    PLAINTIFFS

v.                                            Case No. 2:15-CV-02128

EAGLEONE HOT SHOT, INC.                                                           DEFENDANT

**OPINION AND ORDER**

Currently before the Court is Plaintiff Sean Follis's motion for protective order (Doc. 20) and brief in support (Doc. 21) and Defendant's response (Doc. 22) and brief in support (Doc. 23).

On February 22, 2016, Defendant served a notice of deposition on Mr. Follis, with the deposition to take place in Little Rock, Arkansas, on March 25, 2016. (Doc. 21-1). Mr. Follis now resides in South Carolina and argues that it would impose a financial hardship on him to come to Arkansas to be deposed and that Defendant would suffer no prejudice if the deposition were to be conducted remotely via telephone or videoconference. Mr. Follis requests a protective order directing Defendant to take his deposition remotely.

Defendant argues that, as a named Plaintiff, Mr. Follis should be required to actively participate in this lawsuit. Defendant also argues that it will be prejudiced if directed to conduct the deposition by remote means, because defense counsel will either have to travel to Mr. Follis's location or retain local counsel in South Carolina in order to have privileged documents used as exhibits at the deposition.

The Court has reviewed the arguments presented by the parties in their briefs and the authority cited therein. The Court agrees with Defendant that Mr. Follis has failed to justify the

-1-

issuance of a protective order in this instance. Federal Rule of Civil Procedure 30(b)(4) provides that "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." Defendant opposes deposition by remote means in this case, and the Court agrees with the reasoning set forth in *Moore v. Nebraska Beef, Ltd.*, 2010 WL 3584390 (D. Neb. Sept. 7, 2010) (unpublished) and the ultimate conclusion that "Plaintiff chose to file this lawsuit in [Arkansas]. The defendant should not have to forego the right to take plaintiff's deposition face-to-face simply because plaintiff elected to move from [Arkansas]." *Id*. at *2. Mr. Follis is a named plaintiff, purporting to represent a class of similarly-situated individuals, and chose to file this action in this District. He has not shown that requiring him to appear for a deposition here would impose an "*undue* burden or expense" that would justify allowing deposition via remote means over the objection of Defendant. Fed. R. Civ. P. 26(c)(1) (emphasis added).

Defendant requests that the Court enter an order commanding Mr. Follis's appearance for a deposition within 7 days after entry of the order, "or in a reasonable time period as determined by the Court." (Doc. 23, p. 5). The Court declines to impose any specific time limit and instead encourages the parties to work together to come up with a mutually convenient date, keeping in mind the pending deadline for Plaintiffs to file their combined motion for conditional certification of a colllective and class action is April 21, 2016.

IT IS THEREFORE ORDERED that Plaintiff Follis's motion for protective order (Doc. 20) is DENIED.

IT IS SO ORDERED this 30th day of March, 2016.

/s/P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE